IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MUN HWA BROADCASTING CORP, d/b/a MBC AMERICA, | : | |
| Plaintiff | : | |
| v. | : | 5:07-CV-08 (WDO) |
| MI SOOK KIM a/k/a MI SUK KIM a/k/a MEE SUK KIM a/k/a SUK CHA PETERSON, an individual d/b/a SEOUL HOUSE and SEOUL ORIENTAL MARKET and SEOUL VIDEO, | : | |
| Defendant | : | |

**ORDER**

Plaintiff MBC America supplies its copyrighted television programs directly to video stores throughout the United States for rental to the public under license. The license fee to rent videos and DVDs in this geographic area is $214 per week. Defendant Kim owns and/or operates Seoul Oriental Market, which includes Seoul Video, a video rental business, located at 122 Manor Court in Warner Robins, Georgia. Plaintiff contends Defendant has been renting unlicensed copyrighted videos and DVDs at its store in Warner Robins since at least August 1, 2005. Plaintiff seeks actual damages for the unlicensed use and rentals, attorney's fees, costs and an injunction.

Plaintiff filed the Complaint in this case on January 10, 2007. Defendant Kim was personally served at her business on March 3, 2007. As of the date of this order, Defendant

1

has not filed an answer or any type of responsive pleading or made any appearance whatsoever in the case to defend the allegations. On April 18, 2007, Plaintiff moved for an entry of default pursuant to Federal Rule of Civil Procedure 55(a). On April 19, 2007, the Clerk of Court entered the default. Defendant has failed to respond to the motion for default judgment.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." FED. R. CIV. P. 55. Although a default is in effect an admission to the facts set forth in the complaint, the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. Sony BMG Music Entertainment v. Villarreal, 2007 WL 81822, *2 (M.D. Ga. Jan. 5, 2007) (citation omitted); DIRECTV, Inc. v. Huynh, 318 F. Supp.2d 1122, 1127 (M.D. Ala. 2004) (citation omitted); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3688, at 63 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). To establish copyright infringement a plaintiff must show ownership of the copyright and use by the defendant in violation of the copyright laws. Universal City Studios Production, LLP v. Howell, 2007 WL 853471, *1 (M.D. Fla. March 16, 2007) (citations omitted). In the Complaint, Plaintiff set forth that it owned the rights to the material in question, that it charges a license fee to rent

the material and that Defendant has been renting said material without a license. Based on Defendant's failure to respond and because Plaintiff set forth a sufficient basis for its copyright infringement claims, Plaintiff's motion for default judgment is GRANTED.

Pursuant to 17 U.S.C.A. § 504, Plaintiff is entitled to recover the actual damages suffered as a result of Defendant's infringement. "Under the Federal Rules of Civil Procedure, the district court may enter a default judgment awarding damages without a hearing 'if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits.'" Villarreal, at *2 (citation omitted). "Ultimately, 'the decision whether to call for a hearing before awarding damages in a default judgment rests in the district court's discretion.'" Id. Considering that Plaintiff is requesting a sum certain and Defendant has failed to come forward with any response to the amount sought, a hearing on the issue of damages is not warranted. Plaintiff is awarded its actual damages in the amount of the licensing fees Defendant should have been paying during the applicable time period, $214 per week for a total of $20,116.00.

Pursuant to 17 U.S.C.A. § 505, Plaintiff may seek to recover its costs and attorney's fees incurred in bringing this action. "Although discretionary, courts have frequently awarded Plaintiffs their 'full costs and attorney's fees' in order to: '1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party.'" Arista Records, Inc. v. Beker Enterprises, Inc., 298 F.

Supp.2d 1310, 1315 (S.D. Fla. 2003) (citations omitted). "To be awarded, attorney's fees must be reasonable." Universal City Studios Production, LLP v. Howell, 2007 WL 853471, *2 (M.D. Fla. March 16, 2007) (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 519 (1994)) (other citations omitted). "The burden rests with the party requesting attorney's fees to show that the rate charged is reasonable given the prevailing market rate in the relevant community for lawyers with similar skills, experience, and reputation." Id. (citation omitted). The Court is unable, based on the fee request as presented, to determine if the fees requested, in the range of $200-$380 per hour, are reasonable. The Court will award Plaintiff attorney's fees if the attorneys submit a statement showing how the respective billing rates are comparable with the prevailing rates of attorneys with similar experience, skills and reputation charged in the locality where this Court sits, or show why it was necessary for Plaintiff to go outside the district and obtain counsel at higher rates. Plaintiff is ordered to supplement its fee request with this information within 10 days of the date of this order, failing which the request for attorney's fees will be dismissed with prejudice. Plaintiff will not be awarded fees for time spent on supplementing the fee request. As the costs of $800 appear to be reasonable ($300 for an investigator and $500 in court costs), that amount will be awarded to Plaintiff.

"Section 502(a) of the [Copyright] Act specifically permits a district court to 'grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.'" Villarreal, at *3 (citing 17 U.S.C. § 502(a); Pacific & So. Co., Inc. v. Duncan, 744 F.2d 1490, 1499 n.17 (11th Cir.1984) (noting that the Copyright

4

Act empowers a district court to enter an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright")). Having found copyright violations, Defendant and all persons acting under the direction, control, permission or authority of Defendant are PERMANENTLY ENJOINED AND RESTRAINED from directly or indirectly infringing on Plaintiff's rights under federal or state law in copyrighted material, whether now in existence or later created, that is owned or controlled by Plaintiff (or any parent, subsidiary or affiliate of Plaintiff's), except pursuant to a lawful license or with Plaintiff's express permission. This injunction is binding upon Defendant Kim and any incorporated or unincorporated entity through which Defendant Kim may act as an employee, officer, director, agent or representative and upon any person in active concert or participation with Defendant who receives actual notice of this order and judgment.

Plaintiff's motion for default judgment is GRANTED, damages are awarded in the amount of $20,116, costs are awarded in the amount of $800 and Plaintiff is awarded attorney's fees in an amount to be determined after Plaintiff supplements its motion as directed above.

**SO ORDERED this 13th day of June, 2007.**

**S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE**